## WHITE v. WHITE et al.*

### S. F. No. 1380; July 31, 1900.

#### 62 Pac. 34.

**Alimony—Enforcement—Sale of Leased Premises—Writ of Assistance.**—In a suit for divorce an interlocutory· decree was entered, granting respondent a divorce from her husband, and enjoining the latter from disposing of his property before final decree. Thereafter a receiver was appointed to take charge of all of his property. In the final decree it was provided that the wife, "do have and recover the sum of one hundred thousand dollars," and that the receiver be continued and directed to take all necessary steps to collect the said sum. An order was made directing him to sell certain property, which the husband had leased after the injunction, but before the receiver's appointment, and in accordance therewith the property was sold to respondent. Held, on petition for writ of assistance to gain possession, that, though the judgment was not expressly made a charge on the husband's land, the court had jurisdiction to direct the sale, since the property was under its control by virtue of the receivership.

**Alimony—Enforcement by Sale of Leased Land—Appeal.**—Respondent was granted a divorce from her husband, and awarded $100,000 alimony. Certain land which the husband had leased to his nephew was sold to her in part satisfaction of the said sum. Before the expiration of the lease she petitioned for a writ of assistance to gain possession, but the order granting the writ was not made until after the lease had expired. Held, on the nephew's appeal from the order, that it would not be disturbed by a court of equity, since he had no further right of possession, and therefore could not have suffered injury.

**Alimony—Enforcement by Sale of Leased Land—Writ of Assistance.**—Respondent was granted a divorce from her husband, and awarded $100,000 alimony. Certain land, which the husband had leased to his nephew, was sold to her in part satisfaction of the said sum. She petitioned for a writ of assistance to gain possession, and after expiration of the lease the nephew asked leave to file an amendment to his answer, setting out a declaration of homestead filed by respondent, for the benefit of herself and husband, upon land covered by the lease. He did not allege that he had acquired any interest in the homestead after the expiration of the lease. Held, that leave should be denied, since the nephew's relation to the property would not authorize him to litigate the question of respondent's title.

**Writ of Assistance—Tenant in Possession.**—On Petition for a Writ of assistance to gain possession of land, the tenant in possession cannot question the petitioner's title.

---

*For subsequent opinion in bank, see 130 Cal. 597, 80 Am. St. Rep. 150, 62 Pac. 1062.

APPEAL from Superior Court, City and County of San Francisco.

Action for divorce by George E. White against Frankie White. Judgment of divorce for defendant on her cross-complaint and for alimony. From an order granting a writ of assistance to obtain possession of leased premises sold to her in part satisfaction of a decree for alimony, the tenant in possession appeals. Affirmed.

A. A. Sanderson and R. R. Bigelow for appellant; W. H. Linforth, W. T. Baggett and H. E. Highton for plaintiff and respondent.

HAYNES, C.—This appeal is from an order made upon the petition of the respondent, Frankie White, granting her a writ of assistance to obtain possession of certain real estate then in the possession of appellant, Rohrbough, who claims under a lease from the plaintiff, George E. White. The following statement of facts is condensed from said petition: In December, 1885, George E. White commenced a suit against his wife, Frankie White, to obtain a divorce. She answered, and also filed a cross-complaint, with the usual prayer for counsel fees, expenses and permanent support. On May 15, 1889, an interlocutory decree was entered upon said cross-complaint granting her prayer for divorce, and enjoining the plaintiff, George E. White, from in any manner disposing of or affecting the community property or his separate property, except that the plaintiff should "be permitted to pursue and carry on his ordinary business"; this injunction to continue until the further supplemental and final decree should be entered and carried into effect. This interlocutory decree was recorded in May, 1889, in the counties of Mendocino, Trinity and Humboldt, and copies thereof served upon the plaintiff and upon Rohrbough, the applicant herein. On February 9, 1894, a motion was made by Mrs. White for the appointment of a receiver to "take charge, supervision, and possession" of all the property, real and personal, of the plaintiff, of which motion said Rohrbough and White had notice; and on June 18, 1894, such receiver was appointed. On June 9, 1894, the plaintiff, George E. White, executed two certain leases of large quantities of land to said

Rohrbough, the nephew of said White; and it is alleged that
the making of these leases was in violation of said injunction,
and that both were adjudged guilty of contempt of court, and
were punished therefor. It is further alleged that on Feb-
ruary 9, 1895, a final decree was entered in White v. White,
which adjudged that Frankie White ''do have and recover
from the said George E. White the sum of one hundred thou-
sand dollars, in lawful money of the United States,'' and fur-
ther provided that the receiver be continued and directed to.
prosecute all suits and actions, ''and that he take all legal
measures and proceedings to enforce and secure the collection
of the unpaid monthly allowance theretofore awarded and
then due your petitioner under the interlocutory decree here-
inbefore referred to, and also the said sum of one hundred
thousand dollars awarded your petitioner by said final de-
cree''; that on April 12, 1895, an order was made directing
the receiver to sell the property mentioned in said leases
under said judgment; that on July 11, 1895, the receiver sold
the same to the petitioner for the sum of $70,000; that on
April 18, 1896, a return of said sale was made, and after-
ward, on due notice, was confirmed, and the receiver conveyed
to the petitioner all the right, title and interest of George
E. White in and to all the lands described in said leases to
Rohrbough. These leases were for the period of eighteen
months from April 9, 1895, with the privilege of an additional
year. Appended to the petition were copies of the leases, and
certain affidavits touching the demand made by the petitioner
for possession. Rohrbough demurred to said petition. His
demurrer was overruled, and he then answered. Appellant's
answer denied that he knew or had any notice of the applica-
tion for the appointment of a receiver at the time the leases
were made, and denied that the making of these leases was
not within the usual and ordinary business of George E.
White, or was in violation of said injunction. He also al-
leged that he was the owner of a certain parcel of said land,
containing one hundred and twenty acres, particularly de-
scribed, and also alleged that petitioner had surrendered and
conveyed to the Petaluma Savings Bank and to H. T. Fair-
banks on March 21, 1896, portions of said lands embraced in
her said petition, schedules of which, marked ''A'' and ''B,''
were attached to his answer, and which he then held under
leases from said savings bank and said Fairbanks. Said ap-

plication came on to be heard on October 28, 1897, and was heard upon said petition and answer; and without hearing any evidence from either party, and over the objection of appellant, the court ordered that a writ of assistance issue as prayed for as to all the lands included in appellant's leases, except said parcel of one hundred and twenty acres owned by appellant, and the said lands conveyed by petitioner to the savings bank and to Fairbanks. The record does not show that either party offered any evidence, nor is any point made in the briefs upon this mode of disposing of the case.

It is contended by appellant that this is not a case in which a writ of assistance is authorized; that the judgment to satisfy which the lands in question were sold was an ordinary money judgment, which had not by its terms been made a charge upon the lands of the plaintiff against whom the judgment was rendered, and was therefore enforceable by execution, and was not, under the law and the established procedure, a case in which an order of sale could be issued. Said judgment has never been set aside, modified or reversed. It was entered February 9, 1895, and by it the receiver theretofore appointed was continued. On April 12, 1895, an order was made directing the receiver to sell the property described in appellant's lease, or so much thereof as might be necessary to satisfy said judgment. This was an appealable order, but was not appealed from; nor was the subsequent order of the court confirming the sale questioned by motion, appeal or otherwise, so far as the record discloses. It is not questioned by appellant that the court had jurisdiction of the cause for divorce, and of the adjustment of the property rights of the parties, the future support of the wife, and other incidents to such action; but it is contended, if I correctly understand counsel, that the court had no authority or jurisdiction to make the order directing the receiver to sell, and that the order and the sale were for that reason void. This contention is based upon the theory that, as the decree or judgment did not expressly make the judgment a charge or lien upon said lands, an order of sale could not issue, and that the judgment should have been enforced by execution. Windsor v. McVeigh, 93 U. S. 282, 23 L. Ed. 914, and other cases, are cited in support of said contention. It is quite true that

though a court, as was there said, may possess jurisdiction of a cause and of the subject matter, it is still limited in its mode of procedure, and cannot transcend the power conferred by the law. The case there was in rem for the confiscation of property. A monition had been served, and the owner appeared and answered; but his appearance and answer were on motion stricken out, and the court proceeded to render a judgment of condemnation. It was held that, the service and the appearance and answer of the defendant having been set aside, it was as though no service had ever been made, and the judgment could not be sustained. But this is not such a case. The action of White v. White for divorce was an equitable one. The court could rightfully make provision for the permanent support of the wife out of the separate property of the husband, there being no community property. All this property was in the hands of the court through its receiver, the receivership being continued by the final judgment for the purpose of carrying it into execution; and being thus, technically at least, in the hands of the receiver for such purpose, the court had jurisdiction to make the order directing the receiver "to sell the property mentioned and described in the leases, or so much thereof as might be necessary for the purpose of enforcing the collection of said final judgment." The fact that the property was in the hands of the court, through its receiver, made an order of sale appropriate, or at the least it was not beyond the jurisdiction of the court to enforce its judgment in that manner; and, if within its jurisdiction, it is immaterial, so far as this appeal is concerned, whether or not the court erred in its mode of enforcing the judgment, or whether the leases were, made before or after the appointment of the receiver, or whether or not they were executed in violation of the injunction, since, conceding their validity, they expired by their express limitation before the order appealed from was made, and it was not in the power of the lessor to renew or extend them, nor is any right of possession alleged by appellant, except under said leases. He contends, however, that, unless the respondent had the right to have the writ issue at the time her petition was filed, the order could never be granted upon that petition. It is conceded that a plaintiff is not entitled to judgment upon a cause of action which had not accrued at the

time the action was commenced. But this is not an action, but is an incident to a suit in equity, and is itself an equitable proceeding, in which the petitioner seeks to be placed in possession of the fruits of her decree and her purchase thereunder. Appellant pleaded his leases of the lands, which entitled him to retain possession until October 9, 1897, and he alleged no other claim or right. His answer, as legally construed, conceded that the petitioner was the owner of the lands embraced in the order appealed from, and that she would be entitled to the immediate possession of them but for the existence of the leases, under which alone he was in possession, or had any right of possession. But, before the order appealed from was made, appellant's leases expired; and as all the right, title and interest' of his lessor, George E. White, in the leased premises had been sold, and become vested in the petitioner, it was not possible for appellant to acquire any right which could operate to extend his right of possession, and, having no right of possession, he can suffer no legal wrong or injury from the making or enforcement of the order. Under such circumstances, a court of equity will not listen to a suggestion from one without right which would postpone the relief to which the petitioner is clearly entitled.

One other question remains. On the day said petition came on for hearing, appellant asked leave to file an amendment to his answer setting out a declaration of homestead filed by Mrs. White in 1884 upon a certain quarter section of land embraced in appellant's lease, said homestead being upon the separate property of the husband, and made for the joint benefit of the spouses. The petitioner waived notice of the motion for leave, but objected that the amendment did not state any defense to her petition, and that it came too late. This motion was made on October 28, 1897, after appellant's lease had expired. It was not alleged in the proposed amendment that appellant had acquired any right to the possession of said homestead after the expiration of the lease, or had any interest in it. The court denied the motion, and appellant excepted. I think the court did not err in denying the motion, not only because appellant had no such relation to the property as would authorize him to litigate the question of the petitioner's title, but because this proceeding is not

intended for nor adapted to such purposes.    I advise that the order appealed from be affirmed.

We concur: Gray, C.; Chipman, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.